NO. 07-09-0178-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 DECEMBER 15, 2010

 MICHUEL ALLEN REAMY,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

 NO. 58,867-A; HONORABLE HAL MINER, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 Michuel Allen Reamy challenges his conviction of aggravated
robbery by contending the evidence is insufficient to show he 1)
intentionally or knowingly threatened another or placed another in
fear of imminent bodily injury or death, 2) used or exhibited a deadly
weapon in the course of committing robbery, and 3) employed a weapon
in any manner that facilitated a robbery. We disagree and affirm the
conviction.

 Background
 On November 18, 2008, Juan Montelongo, the manager of the Pilot
store at Lakeside and I-40 in Amarillo, heard strange noises and
observed appellant acting suspiciously around a case containing
electronics. He then saw appellant walk toward him and leave the
store. Montelongo went straight to the glass case which was broken
and determined that two radar detectors were missing.
 Montelongo got in his vehicle and followed appellant to
America’s Best Value Inn. He confronted appellant but appellant
denied that he had stolen anything.
Appellant then moved towards him so Montelongo attempted to restrain
appellant. The two wrestled with each other and fell into the door of
the motel when it was opened by a person in the motel. Montelongo
kept appellant pinned to the ground. While doing so, a knife was
observed in appellant’s hand. Montelongo released appellant after the
police arrived. The two radar detectors were found on appellant at
the police station.
 Sufficiency of the Evidence
 Although appellant has challenged both the legal and factual
sufficiency of the evidence, we conduct a review only to determine
whether a rational trier of fact could have found the elements of the
crime beyond a reasonable doubt. Brooks v. State, No. PD-0210-09,
2010 Tex. Crim. App. Lexis 1240 at *57 (Tex. Crim. App. October 6,
2010). To prove aggravated robbery, the State was required to show
that while in the course of committing theft of property and with
intent to obtain and maintain control of that property, appellant
intentionally or knowingly threatened and placed Montelongo in fear of
imminent bodily injury and death and that he used or exhibited a
deadly weapon during the commission of the robbery. Tex. Penal Code
Ann. §29.02(a)(2) & 29.03(a)(2) (Vernon 2003).
 Appellant testified at trial. In doing so, he admitted to
stealing the two items from the Pilot store and to leaving the store
with the intent to maintain control over them and to avoid capture.[1]
 He further admitted that he had denied to Montelongo and the police
that he had stolen anything. However, he claimed that he never
exhibited a knife or threatened Montelongo. According to appellant,
he carried his knife clipped on his pocket and, when Montelongo
attacked him, the knife fell out.
 Nevertheless, there was evidence that 1) appellant was excited
and angry, 2) appellant stepped toward Montelongo, 3) appellant
struggled against Montelongo’s attempted restraint of him, 4)
Montelongo saw a knife in appellant’s hand with an open blade while
they were struggling, 5) appellant would not let go of the knife
although Montelongo instructed him to do so more than once, 6) a motel
employee (Luis Rodriguez) testified that another person (Juan Fuentes)
removed the knife from appellant’s hand, 7) Fuentes testified that he
saw the knife in appellant’s hand while appellant struggled with
Montelongo, 8) the knife was three to three and a half inches long and
was a lock blade knife, 9) Montelongo stated that the knife used by
appellant could have caused serious bodily injury or death and that he
was concerned that appellant might use it on him, and 10) a police
officer testified that such a knife was capable of causing serious
bodily injury or death.
 Actions taken during flight from a theft constitute part of the
offense of aggravated robbery. Garza v. State, 100 S.W.3d 347, 349
(Tex. App.–San Antonio 2002, no pet.); see also McCall v. State, 113
S.W.3d 479, 481 (Tex. App.–Houston [1st Dist.] 2003, no pet.) (holding
that violence accompanying an escape subsequent to a theft can
constitute aggravated robbery); Rabb v. State, 681 S.W.2d 152, 154
(Tex. App.–Houston [14th Dist.] 1984, pet. ref’d) (holding that
robbery includes violence that occurs in immediate flight from the
scene of a theft). Moreover, “use” of a deadly weapon can be simple
possession as long as it facilitates the commission of the associated
offense. Coleman v. State, 145 S.W.3d 649, 652 (Tex. Crim. App.
2004). Therefore, if the jury disbelieved appellant, there was
evidence from which it could have inferred beyond a reasonable doubt
that appellant intended to use the knife in order to escape from
Montelongo and maintain possession of the stolen property.[2]
 Accordingly, the issues are overruled and the judgment is
affirmed.

 Per Curiam

Do not publish.
-----------------------
 [1]Appellant also admitted to being intoxicated.

 [2]Even if factual sufficiency review was appropriate, we would
conclude, from the entirety of the record, that the evidence is
factually sufficient to support appellant’s conviction.